UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TWEET/GAROT-AUGUST WINTER,

        Plaintiff,

  v.                                        Case No. 06-C-800

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

        Defendant.

**ORDER GRANTING MOTION FOR STAY AND BIFURCATION**

      This action arises out of a dispute between Plaintiff Tweet/Garot-August Winter, LLC ("Tweet/Garot") and its insurer, Defendant Liberty Mutual Fire Insurance Company ("Liberty") over insurance coverage for the cost of removal and replacement of defective valves that Tweet/Garot installed in the HVAC system at Lambeau Field in Green Bay. Tweet/Garot filed suit in state court alleging that Liberty breached its policy to indemnify Tweet/Garot for the loss or, alternatively, is estopped from denying coverage. Tweet/Garot also claims that Liberty's denial of coverage amounts to bad faith, thereby subjecting it to further liability and the potential for punitive damages. Liberty, which denies that it has any duty to indemnify Tweet-Garot or that it has acted in bad faith, removed the action to federal court and filed a motion to bifurcate the bad faith claim from the underlying coverage claim and stay all discovery related thereto. Tweet/Garot opposes the motion, claiming that the two claims are interrelated and discovery should proceed simultaneously as to both. For the reasons that follow, Liberty's motion will be granted.

Under the rules of civil procedure, the court has the discretion to bifurcate claims "in furtherance of convenience and to avoid prejudice or, when separate trials will be conducive to expedition and economy. . . ." Fed. R. Civ. P. 42(b). The rules also authorize a court to control the timing and order of discovery "upon motion, for the convenience of the parties and witnesses and in the interest of justice." Fed. R. Civ. P. 26(d). The relief Liberty thus requests falls well within this court's discretion.

It is also clear that under Wisconsin law, a coverage claim under an insurance policy is separate and distinct from a claim of bad faith. Unless an insurer is first shown to have breached its obligations under the policy, there cannot be a claim for bad faith. *See Dahmen v. American Family Insurance Company*, 635 N.W. 2d 1, 6 (Wis. Ct. App. 2001). "To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of a policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Anderson v. Cont'l Insurance Company,* 271 N.W. 2d 368, 376 (Wis. 1978).

In this case, Liberty Mutual claims that the question of insurance coverage under the policy can be decided as a matter of law based upon the clear and unambiguous policy provisions. Liberty has agreed to file a motion for summary judgment seeking such a determination on or before October 2, 2006. If its motion is granted, and no coverage is found to exist under the policy, then Tweet/Garot's bad faith claim necessarily falls without any further need for discovery or motion practice. In that event, both the parties and the court would be served by a conservation of resources and expenses.

In addition to avoiding unnecessary time and expense, however, Liberty Mutual also argues that it would be prejudiced if discovery on the had faith claim were to proceed prior to resolution

2

of the coverage claim. This follows, liberty argues, because discovery relating to claims of bad faith is broader than that related to contract claims and may jeopardize an insurer's work product and/or attorney/client material. This was the basis for the Wisconsin Court of Appeals decision in *Dahmen* which overturned a circuit court's ruling denying a motion for bifurcation and stay. The court noted:

> In litigating a claim of bad faith, the Dahmens' will be entitled to discovery of American Family's work product and attorney/client material containing information relevant as to how the Dahmens' claim was handled. This information would include American Family's internal determination to deny benefits, its evaluation as to how a jury may value Dahmens' claim, and its approach to settlement. This information would not be available to the Dahmens if they were proceeding solely on a claim for UIM benefits.

*Dahmen*, 635 N.W. 3d at 5. By staying discovery until a determination of coverage is made, Liberty argues that its rights can be preserved and Tweet/Garot would not be prejudice.

In response, Tweet/Garot argues that the bad faith and coverage issues are intertwined in this case and that therefore bifurcation and stay is inappropriate. Tweet/Garot points out that it not only contends that coverage exists under the plain language of the policy, but it has also asserted a claim of estoppel. Tweet/Garot contends that by virtue of Liberty's initial acceptance of coverage and its appearance in a separate state court action commenced by Tweet/Garot against the manufacturers of the allegedly defective valves, Liberty has waived and/or is now estopped from denying coverage. Because facts relevant to this conduct would likewise be relevant to the claim of bad faith, Tweet/Garot argues that bifurcation and stay would be inappropriate under the facts of this case.

I conclude that a stay, at least at this point, is appropriate. Although Tweet/Garot argues that the facts are necessarily intertwined and that coverage cannot be determined without opening up the claim file, I am not convinced that this is the case. Coverage under an insurance policy is generally

3

a question of law that does not require inquiry into the motivations or the reasoning process of the insurer or its representatives. The motivation and intent of the insurer, on the other hand, are directly relevant to bad faith claims. Moreover, claims of estoppel or waiver are based upon the conduct of the insured directed to its insured. It is the insured's reliance to its prejudice on the conduct of its insurer that may, under certain circumstances, can give rise to estoppel. Thus, it would appear to necessarily follow that the party claiming estoppel or waiver, in this case, Tweet/Garot, would have first hand knowledge of the facts upon which its claim is based. It also follows that Tweet/Garot should be able to set forth its version of those facts that support its claim of estoppel or waiver in response to Liberty's motion for summary judgment without any need for discovery. To the extent, however, that Tweet/Garot believes that evidence essential to its claim of coverage is unavailable because it has not been allowed to conduct full discovery as a result of this court's order, Tweet/Garot may defend against Liberty's motion on that basis as well. *See* Fed. R. Civ. P. 56(e). If a showing is made that further discovery is needed, the court can reconsider its order. At least at this point, however, it appears that the interests of the parties and the court are furthered by at bifurcation of the bad faith claim and a stay of all discovery relating to it.

Accordingly, the motion for bifurcation and stay is granted.

**SO ORDERED** this     19th     day of September, 2006.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge